## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

In re

FIRST STATE BANCORPORATION,

        Debtor.

No. 7-11-11916 JA

LINDA S. BLOOM, as Chapter 7 Trustee
for First State Bancorporation,

        Plaintiff,

v.

Adversary No. 13-1033 J

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for
First Community Bank,

        Defendant.

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for
First Community Bank,

        (proposed) Appellant,

v.

USDC Appeal Case No.
CV 14-802 KG/CG

LINDA S. BLOOM, as Chapter 7 Trustee
for First State Bancorporation,

        (proposed) Appellee.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Appellant Federal Deposit Insurance

Corporation, as receiver for First Community Bank's *Motion for Leave to Appeal*

*Interlocutory Order*, ("Motion") (Bk. Doc. 45), filed August 7, 2014; Appellee Linda

Bloom, as Chapter 7 Trustee for First State Bancorporation's *Trustee's Response in*

*Opposition to the FDIC-R's Motion for Leave to Appeal Interlocutory Order*, ("Response"), (Bk. Doc. 55), filed August 21, 2014; and Appellant's *Limited Reply in Support of Motion for Leave to Appeal Interlocutory Order*, ("Reply"), (Doc. 3-1), filed September 16, 2014. U.S. District Judge Kenneth J. Gonzales referred this case to U.S. Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition. (Doc. 16). The Court has considered the Motion, the Response, the Reply, and the relevant law. Because the issues on appeal present controlling questions of law as to which there is substantial ground for difference of opinion, and the immediate resolution of those issues may materially advance the ultimate termination of the litigation, the Court recommends that the motion be **GRANTED.**

I.      **Factual and Procedural Background[1]**

First Community Bank (the "Bank") was a New Mexico-Chartered member of the Federal Reserve System, whose deposits were insured by the Federal Deposit Insurance Corporation. First State Bancorporation (the "Debtor") was a bank holding company, and the Bank was its wholly-owned subsidiary.

In March, 2010, the Bank's regulatory capital status fell to "undercapitalized," and the Federal Reserve Bank required the Bank and the Debtor to submit an acceptable capital restoration plan to increase the Bank's capital. The Bank and the Debtor submitted a capital restoration plan ("Capital Restoration Plan"), outlining the actions to be taken to restore the Bank's capitalization, and a resolution signed by the Debtor, ensuring that it would take all actions required to implement the Capital Restoration Plan. The undercapitalization was never corrected, and the Bank was closed on

---

[1] All facts are taken from the Complaint and the parties' briefs. For purposes of the Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Bankruptcy Court accepted all well-pleaded facts as true. (Bk. Doc. 17 at 3). This Court does the same.

January 28, 2011. The Federal Deposit Insurance Corporation was appointed the Bank's receiver.

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 27, 2011, and Linda Bloom was appointed Chapter 7 Trustee of the Debtor's bankruptcy estate, ("Trustee"). The Federal Deposit Insurance Corporation, as receiver ("FDIC-R") for the Bank, filed a proof of claim in the Debtor's bankruptcy case, asserting a priority unsecured claim in the amount of $63,821,000.00, based on allegations that the Debtor had breached the capital maintenance guaranty issued in connection with the Capital Restoration Plan, (the "Capital Maintenance Claim"). On April 13, 2013, the Trustee filed the adversary proceeding which is the subject of this proposed appeal. In her *Complaint for Avoidance of Fraudulent Conveyance and Objection to Claim No. 9-2*, (the "Complaint"), (Bk. Doc. 1), the Trustee alleges two counts. Count I objects to the FDIC-R's Capital Maintenance Claim on five different theories. Count II seeks disallowance of the claim, alleging that the issuance of the capital maintenance guaranty was constructively fraudulent under 11 U.S.C. § 548(a)(1)(B) because the Debtor did not receive reasonably equivalent value in exchange for the guaranty .

On June 6, 2013, the FDIC-R filed its *Motion to Dismiss Count II*, (Bk. Doc. 9), arguing that the Bankruptcy Court does not have subject-matter jurisdiction over Count II. In the alternative, the FDIC-R claimed that Count II fails to state a claim upon which relief can be granted, relying on *BFP v. Resolution Trust Corp.* 511 U.S. 531 (1994) to argue that a bank-holding company receives reasonably equivalent value as a matter of law in exchange for issuing a statutorily-mandated and highly-regulated capital

3

maintenance guaranty, and therefore the guaranty obligation cannot be constructively fraudulent under 11 U.S.C. § 548(a)(1)(B).

The Bankruptcy Court denied the Motion to Dismiss in its *Memorandum Opinion*, (Bk. Doc. 17), on September 17, 2013, finding that the Court had subject-matter jurisdiction and declining to apply *BFP*'s holding so broadly. The FDIC-R then filed its *Motion for Reconsideration of the Court's September 17, 2013 Order Denying the FDIC-R's Motion to Dismiss Count II*, ("Motion for Reconsideration"), (Bk. Doc. 22). The Bankruptcy Court heard oral argument on the Motion for Reconsideration, and clarified portions of its earlier ruling in its *Memorandum Opinion and Order on Motion for Reconsideration of the Court's September 17, 2013 Order Denying the FDIC-R's Motion to Dismiss Count II*, (the "Order"), on July 3, 2014. (Bk. Doc. 37).

The FDIC-R's *Motion for Leave to Appeal Interlocutory Order* was filed with this Court on September 4, 2014. (Doc. 1). The FDIC-R moves the Court for leave to appeal the Bankruptcy Court's Order pursuant to 28 U.S.C. § 158(a) and FED. R. BANKR. P. 8001, 8002, and 8003.

## II. Analysis

In its Motion, the FDIC-R argues that the Bankrupcy Court's Order is proper for interlocutory appeal because it involves two controlling questions of law: (1) whether, under *BFP v. Resolution Trust Corp.*, 511 U.S. 531 (1994) or otherwise, a bank holding company receives reasonably equivalent value – as a matter of law – in exchange for issuing a statutorily-mandated and highly-regulated capital maintenance guaranty; and (2) whether the Trustee's claim under Section 548 of the Bankruptcy Code to avoid the Debtor's capital maintenance obligation otherwise fails as an impermissible collateral

attack on a final agency decision given that the Federal Reserve Bank formally accepted the capital maintenance plan and guaranty. (Bk. Doc. 45 at 20, 27).

In addition, the FDIC-R maintains that there is substantial ground for difference of opinion, because the FDIC-R has a well-founded basis for disagreement with the Bankruptcy Court's ruling, and no court has considered these precise issues. (Bk. Doc. 45 at 20, 27). Further, the FDIC-R contends that the proposed appeal will materially advance the ultimate termination of this case because a reversal of the Bankruptcy Court's ruling would require dismissal of Count II of the Complaint, saving significant expenses and resources in connection with discovery, motion practice, and trial. (Bk. Doc. 45 at 33-34; Doc. 3-1 at 8-9). Accordingly, the FDIC-R claims this Order is appropriate for interlocutory appeal.

The Trustee responds that the issues here do not implicate a controlling question of law, first because the Bankruptcy Court's decision to deny reconsideration under FED. R. CIV. P. 54(b) would be reviewed under an abuse of discretion standard, and a discretionary order is not proper for interlocutory review. (Bk. Doc. 55 at 4). Second, even if the Order were reviewed *de novo*, the Trustee contends that the FDIC-R has failed to demonstrate that it is appropriate for interlocutory appeal. The Trustee maintains that there is no controlling question of law, since the parties agree on the law, and only differ as to whether the Bankruptcy Court correctly applied it. (Bk. Doc. 55 at 5-6).

The Trustee also argues that the FDIC-R failed to demonstrate a substantial ground for difference of opinion, since a matter of first impression, by itself, does not justify an immediate appeal. (Bk. Doc. 55 at 6). In addition, the Trustee maintains that

there is case law from other Circuits that supports the Bankruptcy Court's ruling. (Bk. Doc. 55 at 6-9). Finally, the Trustee contends that rather than materially advance the ultimate termination of the litigation, this appeal only prolongs discovery and litigation on the remaining Count I of the Complaint, regardless of the outcome as to Count II on appeal. (Bk. Doc. 55 at 11).

      A.  <u>Standard for Granting Leave To Appeal An Interlocutory Order</u>

District Courts have jurisdiction to hear appeals from final orders, final collateral orders, and, with leave of court, interlocutory orders of the bankruptcy court. *See In re Larson*, 466 B.R. 147, 149 (10th Cir. B.A.P. 2012); 28 U.S.C. § 158(a). FED. R. BANKR. P. 8003 is the mechanism for requesting leave to appeal an interlocutory order pursuant to 28 U.S.C. § 158. *Furr's Supermarkets, Inc. v. Richardson & Richardson, Inc.*, 315 B.R. 776, 779-80 (D.N.M. 2004). "However, neither 28 U.S.C. § 158 nor the Bankruptcy Rules provide a specific standard for evaluating whether to allow interlocutory appeals." *Id*. at 780; *See also In re Fox*, 214 B.R. 224, 232 (10th Cir. B.A.P. 1999). As a result, district courts often look to the standards governing appeals of interlocutory orders from district courts to courts of appeal pursuant to 28 U.S.C. § 1292(b). *Furr's Supermarkets, Inc.*, 315 B.R. at 780 (internal citations omitted); *In re Fox*, 214 B.R. at 232.

Thus, "appealable interlocutory orders must involve a controlling question of law as to which there is substantial ground for difference of opinion, and the immediate resolution of the order may materially advance the ultimate termination of the litigation." *In re Larson*, 466 B.R. at 149-50; *See also Furr's Supermarkets, Inc.*, 315 B.R. at 779. Courts have noted that "leave to hear appeals from interlocutory orders should be granted with discrimination and reserved for cases of exceptional circumstances." *Id*. at

149; *See also In re Fox*, 241 B.R. at 232. In addition, "a discretionary order that turns on the facts of the individual case is typically not a proper subject of interlocutory review." *In re Larson*, 466 B.R. at 150 (internal citations omitted).

     B. *Questions Presented On Appeal*

     As a preliminary matter, the parties dispute the standard by which this Court would review the Bankruptcy Court's Order, and in turn, the questions that would be presented on appeal. In its Motion, the FDIC-R presents its argument for leave to appeal assuming the *de novo* standard applies. (Bk. Doc. 45 at 20). Thus, the questions before the Court on appeal would be the same questions that were before the Bankruptcy Court.

     In her Response, the Trustee argues that that the Bankruptcy Court's decision to deny reconsideration under FED. R. CIV. P. 54(b) would be reviewed under an abuse of discretion standard. (Bk. Doc. 55 at 4). Accordingly, the question on appeal would be limited to whether the Bankruptcy Court abused its discretion in denying the FDIC-R's Motion to Reconsider. The Trustee contends that the FDIC-R has failed to demonstrate how this issue implicates a controlling question of law, and therefore is inappropriate for interlocutory appeal.

     The FDIC-R replies that the standard of review for the denial of a motion for reconsideration depends on the nature of the underlying decision. (Doc. 3-1 at 5). The FDIC-R contends that the Motion for Reconsideration resulted from the Bankruptcy Court's underlying denial of the FDIC-R's Motion to Dismiss. (Doc. 3-1 at 5-6). Since an appeal of a motion to dismiss for failure to state a claim is reviewed *de novo*, it follows

that the Motion for Reconsideration would also be reviewed *de novo*. (Doc. 3-1 at 6). This Court agrees.

Under Tenth Circuit jurisprudence, the standard of review of a denial of a motion for reconsideration depends on the nature of the underlying decision. *Johnson v. Thompson*, 971 F.2d 1487, 1498 (10th Cir. 1992) (citing *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348-49 (3d Cir. 1986) (holding that although the appropriate standard of review for a motion to reconsider is generally abuse of discretion, if the district court's denial was based upon the interpretation or application of a legal precept, then review of the district court's decision is plenary)); *See also Martin v. Stites*, No. 99-3192, 4 Fed. Appx. 621, 626 (10th Cir. Feb. 13, 2001) (unpublished). A court reviews the denial of a motion to dismiss for failure to state a claim *de novo. Doe v. City of Albuquerque*, 667 F.3d 1111, 1118 (10th Cir. 2012) (citing *Ashley Creek Phosphate Co. v. Chevron USA, Inc.*, 315 F.3d 1245, 1267 (10th Cir. 2003)). Accordingly, a motion for reconsideration of dismissal for failure to state a claim receives *de novo* review. *Compare Johnson*, 971 F.2d at 1498 (reviewing a motion for consideration for summary judgment *de novo*), *and Martin*, 4 Fed. Appx at 626 (reviewing district court's underlying preemption determination *de novo*), *with Stevenson v. Smith*, 980 F.2d 741, at *1 (10th Cir. 1992) (reviewing a dismissal under 28 U.S.C. §1915(d) and a decision to grant or deny leave to amend a complaint for an abuse of discretion).

The Trustee cites several cases that purport to suggest otherwise. Upon close reading, however, these cases miss the mark. In *Rimbert v. Eli Lilly & Co.*, the appellant challenged the grant of the appellee's motion to reconsider an initial judge's evidentiary ruling admitting the proffered testimony of appellant's expert witness. 647 F.3d 1247,

1252 (10th Cir. 2011). The Court reviewed the ruling on the motion to reconsider for an abuse of discretion, because the standard of review for the underlying evidentiary ruling was for an abuse of discretion; not because the challenged motion on appeal was a motion for reconsideration. *Id.* Indeed, the *Rimbert* Court cites *Wilson v. Merrell Dow Pharmaceuticals, Inc.*, which notes that while it normally would review a motion for reconsideration of summary judgment *de novo*, where the decision hinged on the district court's evidentiary ruling, it would review the motion for reconsideration for an abuse of discretion. *Id* at 1251-52; *Wilson v. Merrell Dow Pharmaceuticals, Inc.*, 160 F.3d 625, 629 (10th Cir. 1998). *Rimbert* is distinguishable from the case at bar. In *Rimbert,* the district court's underlying evidentiary ruling was reviewable only for an abuse of discretion, whereas here, the underlying decision is on a motion to dismiss for failure to state a claim, which is afforded *de novo* review.

The Trustee also cites to *Ankeney v. Zavaras* for the proposition that courts review a motion for reconsideration for an abuse of discretion. No. 12-1050, 524 Fed. Appx. 454, 458 (10th Cir. April 30, 2013) (unpublished) (reviewing the reconsideration of an interim ruling for abuse of discretion). However, in that case, the district court reviewed the appellant's motion for reinstatement under Fed. R. Civ. P. 59(e) and 60(b).[2] *Id.* Under that standard, grounds for granting a motion to reconsider include: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice." *Id.* (internal citations omitted). In *Ankeney*, the district court rejected the appellant's claim that new evidence

---

[2] Motions to reconsider final judgments are made pursuant to Rules 59(e) and 60(b). "If filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).

forming the basis for reinstatement of his claim was revealed during discovery, and denied his motion for reconsideration. *Id.* On appeal, the Tenth Circuit reviewed the district court's denial for an abuse of discretion. *Id.*; *See Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005) (citing *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002)) (explaining that the standard of review for a motion for reconsideration pursuant to Rules 59(e) and 60(b) is abuse of discretion).

That is not the case here. In fact, the Bankruptcy Court explained in its Order that Rules 59(e) and 60(b) do not apply to the Motion for Reconsideration, since the order denying FDIC-R's Motion to Dismiss was a non-final, interlocutory order.[3] (Bk. Doc. 37 at 3). Thus, the Court's review was not bound by the stricter standards of Rules 59(e) and 60(b). *Id.* (citing *Trujillo v. Bd of Educ. of the Albuquerque Public* Schools, No. 05-2305, Fed. Appx. 760, 765 (10th Cir. Jan. 12, 2007) (unpublished) (in reviewing a motion for reconsideration of an interlocutory order, the court is "not bound by the stricter standards of considering a Rule 59(e) or 60(b) motion.")).

Instead, the Bankruptcy Court reviewed the Motion for Reconsideration under FED. R. CIV. P. 54(b), which allows a court to reconsider its interlocutory order at any time before making a final determination with respect to all the claims of all the parties.[4] (Bk. Doc. 37 at 3). Unlike the *Ankeney* Court, the Bankruptcy Court did not consider whether there was: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. 524 Fed. Appx. at 458. Rather, it clarified portions of its earlier rulings of law from the previous Order denying the FDIC-R's Motion to Dismiss. (Bk. Doc. 37 at 3-4);

---

[3] The parties do not dispute that the Bankruptcy Judge's Order is a non-final, interlocutory order.
[4] Rule 54(b) is made applicable to adversary proceedings by FED. R. BANKR. P. 7054.

Therefore, because the Bankruptcy Court's Order denying FDIC-R's Motion to Reconsider consists of interpretation and conclusions of law, the standard of review on appeal would be *de novo*. *See Computerized Thermal Imaging*, 312 F.3d at 1296 n.3 (noting that the standard of review for a motion under 59(e) or 60(b) is abuse of discretion, but reviewing the substance of the appeal *de novo*).

   1.  *Whether There Are Controlling Questions Of Law As To Which There Is Substantial Ground For Difference Of Opinion*

   A controlling question of law is one in which the question is what the law is, not necessarily how it applies to a set of given facts. *Certain Underwriters at Lloyd's, London v. Nance*, No. 04-937, 2006 WL 4109675, at *3 (D.N.M. Aug. 24, 2006) (unpublished) (citing *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 291 F.3d 674, 676 (7th Cir. 2000)); *Northern Arapaho Tribe v. Ashe*, 925 F.Supp.2d 1206, 1224 (D.Wyo. 2012). Thus, in order for an interlocutory order to be appealable, there must be a dispute as to the correct legal standard, not as to the court's interpretation and application of established law. *Flying J, Inc. v. TA Operating Corp.*, No. 1:06-CV-30-TC, 2007 WL 4165749, at *1 (D.Utah Nov. 20, 2007) (unpublished).

   Here, the questions presented for *de novo* review are controlling questions of law: (1) Whether a bank holding company receives reasonably equivalent value in exchange for issuing a statutorily-mandated and highly-regulated capital maintenance guaranty; and (2) whether the Trustee's claim fails as an impermissible collateral attack on a final agency decision. These are abstract legal issues that would not send the Court "deep into the record of the case." *Northern Arapaho Tribe*, 925 F.Supp.2d at 1224. Resolving these questions is not a matter of applying established law to the facts

presented, as the Trustee argues. Rather, it is a matter of determining which law to apply.

Further, because there has been no Tenth Circuit decision on these controlling questions of law, and because there are strong arguments on either side, the Court finds that a substantial ground for difference of opinion exists. *Furr's Supermarkets, Inc.*, 315 B.R. at 780. The Trustee urges that a matter of first impression, by itself, does not establish a substantial ground for difference of opinion, and that the FDIC-R's disagreement with the Bankruptcy Court's ruling is insufficient to satisfy this factor. These arguments are not persuasive.

While it is true that "the simple fact that a controlling question of law raises an issue of first impression does not, by itself, justify an immediate appeal," it does not follow that a circuit split is required for an interlocutory appeal to be appropriate. *NCMIC Fin. Corp. v. Redmond*, No. 13-2065-CM at *1-2 (D.Kan. filed Mar. 12, 2013), *available at* https://ecf.ksd.uscourts.gov/cgi-bin/show_public_doc?2013cv2065-4. Although the FDIC-R certainly disagrees with the Bankruptcy Court's ruling, the relevant inquiry is whether other courts may disagree. *Forest Guardians v. Bureau of Land Mgmt.*, 188 F.R.D. 389, 396 (D.N.M. 1999).  Indeed, even where only one court has analyzed the issue at hand, there is substantial ground for difference of opinion when the "result of the decisions of other courts, including the Tenth Circuit, may be inconsistent with … this Court's approach." *Id.* at 396; *See e.g., Young v. Nationwide Life Ins. Co.*, 2 F.Supp.2d 914, 930 (S.D.Tex. 1998) (no direct ruling by circuit court and paucity of case law on the issue creates substantial ground for difference of opinion); *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (internal citations omitted) ("[I]t is the duty of the district judge …

to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute."); *NCMIC Fin. Corp.*, No. 13-2065-CM at *2 (finding no substantial ground for difference of opinion where the bankruptcy court provided a well-reasoned response that applied established law to a matter of first impression).

      2.  *Whether Immediate Appeal May Materially Advance the Ultimate Termination of the Litigation*

      Finally, the Court believes that immediate appeal of this matter will materially advance the ultimate termination of the litigation. The Trustee contends that interlocutory review of the order will not materially advance the litigation since Count I of the Complaint remains, and will be litigated regardless of the outcome on appeal. However, although the interlocutory appeal will not have a dispositive effect on all claims in the litigation, an immediate appeal could materially advance the litigation by potentially avoiding extended and expensive proceedings on Count II of the Complaint. *See Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994). *Compare Pelt v. Utah*, 539 F.3d 1271, 1273-74 (10th Cir. 2008) (finding an immediate appeal of partial summary judgment would hasten resolution of the litigation where the ruling fully impacts adjudication of the remaining claims), *and Forest Guardians*, 188 F.R.D. at 397 (holding that immediate appeal is warranted given that interlocutory reversal might save time for the district court, and time and expense for the litigants), *with Farris v. Broaddus*, No. 08-9986, 2009 WL 5184186, at *4 (D. Colo. Dec. 18, 2009) (unpublished) (denying leave to file interlocutory appeal where appeal would not address the merits of the underlying claims and would not prevent extended and expensive proceedings).

In conclusion, the Court finds that, as to its proposed appeal, the FDIC-R has presented controlling questions of law, as to which there is substantial ground for difference of opinion. In addition, FDIC-R has demonstrated that the immediate appeal of Count II of the Complaint may materially advance the ultimate termination of the litigation. Therefore, immediate appeal of the Bankruptcy Court's Order is appropriate in this case.

III. **Conclusion**

For the foregoing reasons, the FDIC-R has demonstrated that the Bankruptcy Court's Order is appropriate for interlocutory review.

**IT IS THEREFORE RECOMMENDED** that Appellant's *Motion for Leave to Appeal Interlocutory Order*, (Bk. Doc. 45), be **GRANTED**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE